NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 24 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBER REGALDO-RECINO,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No. 22-686<br><br>Agency No.<br>A077-444-226<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 20, 2023**
Phoenix, Arizona

Before: TALLMAN, OWENS, and BADE, Circuit Judges.

Rober Regaldo-Recino ("Petitioner"), a native and citizen of Guatemala,

petitions for review of the Board of Immigration Appeals' ("BIA") streamlined

affirmance of an immigration judge's ("IJ") decision denying his application for

asylum, withholding of removal, and protection under the Convention Against

Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252(a)(1). As the

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

parties are familiar with the facts, we do not recount them here. We dismiss in part and deny in part the petition.

"Where, as here, the BIA summarily adopts the IJ's decision without opinion pursuant to 8 C.F.R. § 1003.1(e)(4), we review the IJ's decision as if it were the BIA's decision." *Antonio v. Garland*, 58 F.4th 1067, 1072 (9th Cir. 2023) (internal quotation marks and citation omitted). "We review jurisdictional and legal questions in the context of immigration proceedings de novo." *Rivera Vega v. Garland*, 39 F.4th 1146, 1152 (9th Cir. 2022). By contrast, "[w]e review factual findings made as to [a petitioner's] CAT claim for substantial evidence." *Lopez v. Sessions*, 901 F.3d 1071, 1074 (9th Cir. 2018). "Under [the substantial evidence] standard, we must uphold the agency determination unless the evidence compels a contrary conclusion." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019).

1. As an initial matter, we do not review the IJ's adverse credibility and statutory ineligibility determinations because Petitioner failed to exhaust these issues before the BIA and waived them before this court. "Exhaustion, as set forth in 8 U.S.C. § 1252(d)(1), is jurisdictional and therefore generally bars us, for lack of subject-matter jurisdiction, from reaching the merits of a legal claim not presented in administrative proceedings below." *Honcharov v. Barr*, 924 F.3d 1293, 1296 n.2 (9th Cir. 2019) (per curiam) (internal quotation marks and citation omitted). Additionally, where a petitioner fails to contest an issue in

their opening brief, the issue is deemed waived. *Corro-Barragan v. Holder*, 718 F.3d 1174, 1177 n.5 (9th Cir. 2013).

Here, Petitioner's brief before the BIA, which was prepared by counsel, raised only the issue of whether Petitioner established a prima facie case for CAT protection; it made no mention of the IJ's adverse credibility or statutory ineligibility determinations. Likewise, neither Petitioner's opening brief nor reply brief before this court challenges the adverse credibility or statutory ineligibility determinations. Accordingly, Petitioner has failed to exhaust and waived both issues, precluding our review.

2. Substantial evidence supports the agency's finding that Petitioner failed to establish the elements of his CAT claim. To receive CAT protection, Petitioner must demonstrate that he is more likely than not to experience torture if returned to Guatemala and that the torture will occur by or with the acquiescence of a public official. *Aguilar-Ramos v. Holder*, 594 F.3d 701, 704 (9th Cir. 2010). "Absent credible testimony, [a petitioner's] CAT claim rests on country conditions reports and other corroborating evidence in the record [such as] letters from his family and acquaintances." *Mukulumbutu v. Barr*, 977 F.3d 924, 927 (9th Cir. 2020).

Here, because of the adverse credibility determination, Petitioner's CAT claim rests only on country reports, news articles, and his partner's testimony about the threatening messages she recently received. Although the country reports provide general evidence of crime and corruption in Guatemala, they do

not demonstrate that it is more likely than not that Petitioner will personally be tortured if he returns. *See id*. at 928. In fact, Petitioner admitted that he has never been physically harmed by gangs in Guatemala and has told immigration officers multiple times that he has "no personal problems" in Guatemala and "no fear" of returning there. The record evidence is insufficient to compel a finding of a likelihood of future torture.

Nor does the record compel a finding of governmental acquiescence. As the country reports indicate, the Guatemalan government has created the "Presidential Commission against Corruption" to fight widespread corruption. Evidence that a government is taking measures to combat crime and violence, even if not successfully, supports a finding that the government is not willfully blind. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1035 (9th Cir. 2014). Moreover, Petitioner admitted that the police opened investigations after his family reported the deaths of his cousins. "Evidence that the police were aware of a particular crime, but failed to bring the perpetrators to justice, is not in itself sufficient to establish acquiescence in the crime." *Id*. at 1034. Accordingly, the evidence does not compel a conclusion that Petitioner established the elements of his CAT claim.

The stay of removal remains in place until the mandate issues.

**PETITION DISMISSED IN PART; DENIED IN PART.**